OPINION OF THE COURT
James D. Benson, J.
This motion by defendant for an order pursuant to CPLR 3212 granting summary judgment to defendant and against plaintiff, upon the grounds that there are no triable issues of fact, is determined as follows:
In this action, plaintiff bank sues the endorser of a check in the amount of $3,177.04 to recover the face amount which it paid to him when he cashed the check at one of the bank’s branches, knowing that payment had been stopped. The three causes of action alleged in the complaint are (1) defendant’s *738 endorsement rendered him liable, (2) unjust enrichment, and (3) defendant’s cashing the check upon which he knew that payment had been stopped constituted fraud.
According to the defendant’s affidavit, one Gregory J. Bozick uttered his check No. 407 dated April 17, 1989 in the amount of $3,177.04 to the order of Mid Hudson Plumbing. George P. Wagner III took delivery of the check and endorsed it
"Mid Hudson Plumbing
"George Wagner”.
Wagner presented the check at the Innis Avenue Branch of Poughkeepsie Savings Bank, where he was told that payment on the check had been stopped. He then took the check to the Market Street branch of the plaintiff, where a teller cashed it.
On this motion, defendant contends that the plaintiff is merely a subrogee to its depositor, the maker of the check and that plaintiff has no independent cause of action against him. He states in support of this argument that, "My attorneys have advised me that an endorsement does not constitute a guarantee as a matter of law, and that the only way to create a guarantee is the use of words of guarantee.”
The controlling facts are not in dispute. The defendant has set forth the controlling facts in his affidavit and the affidavit of plaintiffs branch manager confirms that defendant knew when he cashed the check that the drawer of the check had stopped payment. Despite his knowing that fact, he relied upon the failure of another branch of the same bank to have obtained knowledge that payment had been stopped.
The plaintiffs attorney urges the application of the warranty provisions of UCC 3-416, 3-417 and 4-207. Section 3-417 (2) (a) creates a statutory warranty by the transferee of an instrument that he has good title to the instrument and the transfer is otherwise rightful. More significant, however, is the pervasive statement of principle embodied in section 1-203 which reads simply, "Every contract or duty within this Act imposes an obligation of good faith in its performance or enforcement.” This provision underlies and must be read into every other provision of the statute. Its application to this case requires not only that defendant’s motion be denied but that summary judgment be granted to the plaintiff on the third cause of action of the complaint, under the provisions of the final sentence of CPLR 3212 (b).